IN THE UNITES STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MICHAELA HOLT, a minor child, by and through her natural mother and next friend, FREDA HOLT<br><br>v.<br><br>TARGET CORPORATION *et al.* | Case No. 3:20-cv-0824<br>Chief Judge Crenshaw<br>Magistrate Judge Holmes |

**MEMORANDUM ORDER AS TO MOTIONS TO AMEND AND
REPORT AND RECOMMENDATION AS TO MOTION TO DISMISS**

Pending before the Court are several motions, which, the Court will take up in turn and, for the reasons discussed below, resolve or recommend resolution as follows. Plaintiff's first motion to amend her complaint (Docket No. 30) is GRANTED.[1] Based on the determination that Plaintiff's motion to amend is properly granted, the undersigned respectfully recommends that the motion to dismiss filed by Yale Realty Services Corp. (Docket No. 35) be DENIED. Plaintiff's motion for leave to file a second amended complaint (Docket No. 42) is also GRANTED. The Clerk is directed to separately file the second amended complaint presently found at Docket No. 42-1 and to add Freda Holt as a party plaintiff in her individual capacity. Once filed, the second amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), thus rendering moot Defendants' pending motions for leave to amend their answers (Docket Nos. 45 and 47) and those motions are therefore both DENIED as moot.[2]

---

[1] As discussed in more detail below, the filing of a motion for leave to amend was unnecessary because Plaintiff's amended complaint was properly and timely filed under Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, the Court grants the motion solely to avoid causing the record to be any more convoluted than it already is.

[2] The Court recognizes that Plaintiff failed to timely respond to Defendants' motions to amend their answers, which would ordinarily result in the requested relief being granted under Local Rule 7.01(a)(3). However, because the motions are rendered moot by the second amended

Defendants shall answer or otherwise respond to the second amended complaint as directed by Fed. R. Civ. P. 15(a)(3).

## I. BACKGROUND

Familiarity with the underlying facts and procedural history of this case is presumed and the facts and circumstances are not again recited here except as necessary to explain or provide context to the Court's determinations.[3] This lawsuit arises from injuries sustained by plaintiff, Michaela Holt[4], a minor child, in a fall in the parking area of a Target store on January 25, 2020. The lawsuit was originally filed in Rutherford County Circuit Court on August 18, 2020 against Defendants Target Corporation and Yale Realty Services Corp. Target subsequently removed the case to this Court on September 24, 2020, based on diversity jurisdiction. (Docket No. 1.)

---

complaint, the Court departs from the standard operation of Local Rule 7.01(a)(3). See Local Rule 1(a) ("The Court may deviate from any provision of any Local Rule of this Court, when appropriate for the needs of the case and the administration of justice.") Because the Court has granted Plaintiff's motion for leave to file a second amended complaint, it is not necessary to reach the complicated legal issue of whether a minor child has a personal claim for medical expenses arising from an injury caused by a third-party tortfeasor when the claim of the child's parent for medical expenses is barred for procedural reasons. The Court simply notes that there is conflicting authority on the answer to that question. *Compare Palanki ex rel. Palanki v. Vanderbilt University*, 215 S.W.3d 380, 394 (Tenn. Ct. App. 2006) (minor child, through parent as next friend, may properly maintain an action for pre-majority medical expenses, which parent waived by acting as next friend) and *Smith v. King*, No. Civ. 958, 1984 WL 586817, at *2 (Tenn. Ct. App. Sept. 21, 1984) (adopting waiver rule) with *Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 661-62 (Tenn. Ct. App. 2017) (minor child cannot maintain action for pre-majority medical expenses that were paid or will be paid by his parents) and *Grant v. Kia Motors Corporation*, Case No. 4:14-cv-79, 185 F.Supp.3d 1033, 1044-49 (E.D. Tenn. 2016) (finding that application of waiver rule unlikely by Tennessee Supreme Court and therefore holding that parents acting as next friends cannot recover children's pre-majority medical expenses through the children's claims).

[3] The facts and history are taken from the parties' filings and the entire record and are undisputed unless otherwise noted.

[4] Although minors are ordinarily referred to pseudonymously by initials in federal court pursuant to Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, no effort was made by Plaintiff to protect the minor's identity and that protection is therefore waived. *See* Fed. R. Civ. P. 5.2(h).

2

Target filed its answer on October 15, 2020. (Docket No. 8.) In its answer, Target raised the potential comparative negligence of a non-party, Yale Smyrna, LLC. (*Id.*) Plaintiff filed an amended complaint on October 16, 2020 adding Yale Smyrna as a defendant. (Docket No. 9.) Plaintiff also followed the procedures in federal court for issuance of a summons for Yale Smyrna. (Docket No. 10.) The summons was issued on October 23, 2020. (Docket No. 12.)

After originally filing motions for default judgments against the Yale Defendants (Docket Nos. 17-18), which were denied as procedurally improper because no entry of default had been requested or obtained (Docket No. 19), Plaintiff then moved for entry of default against the Yale Defendants. (Docket Nos. 20 and 21.) Upon appearance by counsel for the Yale Defendants (Docket No. 22), Plaintiff's motions for entry of default were voluntarily stricken by Plaintiff on January 8, 2021. (Docket No. 23.)

The Yale Defendants filed an answer on February 17, 2020 (Docket No. 28), which raised as an affirmative defense that Plaintiff's claims are time barred and are not saved by the comparative negligence savings statute, Tenn. Code Ann. § 20-1-119, because Plaintiff failed to comply with the statutory elements within the required time. (*Id.* at 4-6.) Plaintiff then filed a motion for leave to allow the filing of the amended complaint *nunc pro tunc* to October 16, 2020. (Docket No. 30.) The Yale Defendants responded in opposition to the motion to amend (Docket No. 35) and also filed a motion to dismiss on the same grounds. (Docket No. 35.)

Plaintiff subsequently filed a second motion for leave to amend, requesting to change the capacity of Freda Holt, mother of the minor child, to add an individual claim for the recovery of medical expenses incurred in the care and treatment of her daughter. (Docket No. 42.) The Yale Defendants

3

oppose the second motion to amend on grounds that Freda Holt cannot be added as an individual party because her individual claim is time-barred.[5]

The Yale Defendants and Target separately filed motions for leave to amend their answers (Docket Nos. 45 and 47) to add as an affirmative defense that the minor child Plaintiff is precluded from recovering medical costs associated with her alleged injuries. Defendants contend that, under Tennessee law, children may not claim pre-majority medical expenses as a measure of damages in the child's lawsuit because those damages are solely recoverable by the child's parents.

## II. MEMORANDUM ORDER (MOTIONS TO AMEND)

### A. Legal Standards

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1

---

[5] The Court notes that Target did not file a response in opposition to Plaintiff's second motion for leave to amend.

4

(S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Rule 15 of the Federal Rules of Civil Procedure, which governs the Court's consideration of a motion for leave to amend, states that amendments of pleadings should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).[6] The reason behind such policy is "to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). The Supreme Court has indicated that while the moving party "ought to be afforded an opportunity to test [its] claim on the merits," one or more of the following conditions may negate this directive: undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Nevertheless, the determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted).

### B. Plaintiff's first motion to amend

Plaintiff's first motion to amend seeks leave to amend her complaint *nunc pro tunc* to October 16, 2020, the date on which the amended complaint was filed without a prior motion for leave to amend. The parties appear to agree that Plaintiff's claims, based in negligence, are subject to a one-year statute of limitations, which expired on January 25, 2021. The Yale Defendants argue that the amended complaint is untimely because, under Sixth Circuit law, the amendment

---

[6] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

adding Yale Smyrna as a defendant does not relate back to the original complaint and Plaintiff's failure to obtain leave to amend before January 25, 2021 is fatal.

Plaintiff relies on Tennessee's savings statute for comparative fault, Tenn. Code Ann. § 20-1-119, as permitting the joinder of Yale Smyrna within 90 days of Target's October 15, 2020 answer identifying Yale Smyrna as a potential tortfeasor.[7] The Yale Defendants argue that Plaintiff cannot avail herself of this statute because she has not met the statutory requirements. *See* Docket No. 34 at 4.

Section 20-1-119 provides that when a defendant "alleges in an answer or amended answer" that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, "the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault," amend the complaint to add the person as a defendant and cause process to be issued for that person. Tenn. Code Ann. § 20-1-119(a).[8] The Yale Defendants contend that Plaintiff has not satisfied the first requirement because

---

[7] Because the amended complaint was filed on October 16, 2020, within 90 days of Target's answer and therefore within the timing of the savings statute, Plaintiff requests that leave to amend be granted *nunc pro tunc* to that date.

[8] Section 20-1-119 provides, in pertinent part:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

6

she was required to obtain leave of court under Rule 15(a)(2) before filing the amended complaint. That is, however, an incorrect statement of the rule.[9]

Under Rule 15(a)(1)(B), the right to amend a complaint once as a matter of course extends to 21-days beyond service of the responsive pleading, as long as the amendment is the first one.[10]

---

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

Tenn. Code Ann. § 20-1-119.

[9] Further, the Court finds a lack of merit in the Yale Defendants' argument that a federal court plaintiff relying on Tenn. Code Ann. § 20-1-119 must both file a motion to amend and obtain an order permitting leave to amend to avail herself of the savings provisions of the statute. (Docket No. 34 at 4.) The *Ward* case cited by the Yale Defendants for these requirements, 2012 WL 3637726, at *3 (W.D. Tenn. Aug. 22, 2012), relies on an outdated Tennessee Supreme Court case, *Jones v Professional Motorcycle Escort Services, LLC*, 193 S.W.3d 564, 570 (Tenn. 2006). The rule articulated in *Jones*, and adopted in *Ward*, was superseded by a change to the Tennessee Rules of Civil Procedure 15.01, which expressly dispensed with the requirements for the filing of a motion to amend and an order granting the motion to amend. *Strait*, 618 S.W.3d at 329. Given that the plain language of the statute itself imposes no requirement that a plaintiff must file a motion to amend and file an amended complaint within the 90-day grace period, the holding in *Ward* gives no explanation for the continued soundness of application of the rule in federal court. For all these reasons, the Court finds no basis for the Yale Defendants' argument.

[10] Rule 15(a)(1) provides as follows:

(1) Amendment as a Matter of Course. A party may amend its pleading once as a matter of course within
    (A) 21 days after serving it, or

7

*See e.g. Green Southfield,* 2016 WL 692529, at *4 (E.D. Mich. 2016) (after 2009 amendments to rules, right to amend once as a matter of course is no longer terminated by service of a responsive pleading and one amendment is permitted as a matter of course in response to a responsive pleading as long as no prior amendment). Here, Target filed its answer on October 15, 2020, identifying Yale Smyrna as a potential cause or contributing cause to Plaintiff's injuries. (Docket No. 8.) Plaintiff exercised her right to one amendment of the complaint as a matter of course by filing the amended complaint on October 16, 2020, well within the 21 days permitted by Rule 15(a)(1)(B).[11] Plaintiff also caused a summons to be issued to Yale Smyrna within the required 90-day time period under Tenn. Code Ann. § 20-1-119(a).

Contrary to the Yale Defendants' contentions, under the plain language of Rule 15(a)(1)(B), Plaintiff was not required to file a motion to amend the complaint, nor did she need leave of court to do so.[12] Plaintiff's amended complaint was properly filed, and with the issuance

---

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Fed. R. Civ. P. 15(a)(1). Puzzlingly, neither party discusses the applicability of Rule 15(a)(1)(B). For Rule 15(a)(2) to apply, as argued by the Yale Defendants, Plaintiff would have to have already amended her original complaint prior to October 16, 2020. The Court finds no indication of a prior amendment in the record, nor did the Yale Defendants refer to any prior amendment by Plaintiff.

[11] The Court also notes that, while the federal rules of procedure apply in this diversity action, the outcome would be the same under Rule 15.01 of the Tennessee Rules of Civil Procedure, which permits amendment under Tenn. Code Ann. § 20-1-119 without the consent of the other party or leave of court.

[12] The Court notes that the Sixth Circuit concluded under other circumstances that a plaintiff "waived" its right to amend as a matter of course because it "sought leave in the district court instead of simply filing an amended complaint" and "cited in support of [its] request the portion of Civil Rule 15 that says leave is required." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, ___ U.S.___, 139 S. Ct. 1029, 203 L.Ed.2d 390 (2019). But in 1947, the Sixth Circuit held that a trial court erred by rejecting an amendment when the plaintiff had the right "to amend as a matter

8

of the summons on October 23, 2021, triggered the savings provision of Tenn. Code Ann. § 20-1-119, which expressly provides that "[a] cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations." Tenn. Code Ann. § 20-1-119(b).[13] Although, for all these reasons, Plaintiff's (first) motion to amend was procedurally unnecessary, the Court will nevertheless grant the motion for clarity of the record and to the extent any leave to amend might arguably have been required.[14]

---

of course" but nonetheless sought leave. *Rogers v. Girard Trust Co.*, 159 F.2d 239, 241 (6th Cir. 1947). Wright & Miller treats the *Glazer* approach as an outlier of sorts, departing as it does from the consensus tentatively recognized among "several courts" that "have held that the amendment should not be handled as a matter addressed to the court's discretion[,] but should be allowed as of right," if "a party erroneously moves for leave to amend before the time for amending as of course has expired." 6 Wright & Miller § 1482. Moreover, the Court finds *Glazer* distinguishable because, here, unlike in *Glazer*, Plaintiff timely filed an amended complaint and only sought (unnecessary) allowance of the amendment after the Yale Defendants incorrectly asserted in their answer that leave of court was required. (Docket No. 28 at 5.) Under these circumstances, the Court finds no waiver by Plaintiff. The Yale Defendants' misplaced reliance on Rule 15(a)(2) was the start of this quagmire and the Court declines to penalize Plaintiff for stepping into the quicksand. And, even if Plaintiff's motion for leave to amend can be characterized as a waiver of her right to an amendment as a matter of course – which, as noted, the Court finds it cannot – there is a sound basis under the totality of the circumstances for broadly construing Plaintiff's efforts at amendment to fall within the scope of Tenn. Code Ann. § 20-1-119. *See Williams v. Corrections Corp. of America*, 2011 WL 795012, at *3-5 (M.D. Tenn. March 1, 2011), report and recommendation adopted 2011 WL 6888535 (M.D. Tenn. Dec. 29, 2011). In *Williams*, this Court treated an amended complaint that was filed without leave of court as properly amended – essentially permitting the amendment *nunc pro tunc* – to avoid the undesirable outcome that the plaintiff would obtain different results in federal court than he would have in state court where no leave is required for amendments adding defendants under Tenn. Code Ann. § 20-1-119. Id. at *4 ("In a case premised on diversity jurisdiction … 'the outcome in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'") (quoting *Guaranty Trust Co. of N.Y. v. York*, 362 U.S. 99, 109 (1945). That outcome is also consistent with the broad construction afforded to Tenn. Code Ann. § 20-1-119. *Bidwell ex rel. Bidwell v. Strait*, 618 S.W. 3d 309, 324 (Tenn. 2021).

[13] Because the Court finds that no further action was required for amendment of the complaint and the amended complaint timely satisfied the statutory requirements of Tenn. Code Ann. § 20-1-119, it is unnecessary to reach the other issues raised by the Yale Defendants about relation back under Rule 15(c) as to Plaintiff's original amended complaint.

[14] The Court finds no other bases, including delay or prejudice, upon which Plaintiff's amendment would be properly denied

9

### C. Plaintiff's second motion to amend

Plaintiff seeks leave to further amend her complaint to change the capacity of Freda Holt, mother of the minor child, to add an individual claim for the recovery of medical expenses incurred in the care and treatment of her daughter. (Docket No. 42.) The Yale Defendants oppose the second motion to amend on grounds that Freda Holt cannot be added as an individual party because her individual claim is time-barred, which is essentially a futility argument.

The Yale Defendants argue that the statute of limitations precludes Plaintiff from adding an individual claim of Freda Holt. As noted, the parties appear to agree that the applicable one-year statute of limitations expired on January 25, 2021, and that, unless Freda Holt's individual claim relates back to the original complaint, it is time-barred. Rule 15(c)(1) allows time-barred claims to go forward if they relate back to the date of the plaintiff's original complaint. Fed. R. Civ. P. 15(c)(1).[15]

Plaintiff argues that the claim relates back, relying on a Tennessee Court of Appeals case applying the Tennessee Rules of Civil Procedure. But, the Sixth Circuit has expressly stated "that the question of whether an amendment relates back to the date of the original complaint is a

---

[15] Rule 15(c)(1) provides that an amendment relates back to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

question of federal procedure not controlled by state law even in a diversity case." *Simmons v. South Cent. Skyworker's Inc.*, 936 F.2d 268, 270 (6th Cir. 1991).[16]

Generally, the rule in the Sixth Circuit is that an amendment adding a new party "creates a new cause of action and there is no relation back for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973) and citing *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir. 1978)). This extends to the addition of new plaintiffs as well. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317–19 (6th Cir. 2010).

However, in holding that "untimely plaintiffs" may not "ride piggyback on the claims of timely plaintiffs", the Sixth Circuit indicated in *Asher* that there are amendments changing the identity of plaintiffs to which the relation-back provisions of Rule 15(c)(1)(C) will apply, including amendments to correct misnomers or misdescriptions, amendments changing the capacity in which the plaintiff sued, and amendments to substitute or add as plaintiffs the real party in interest. *Id.* at 318-319; *see also Hill v. Shelander,* 924 F.2d 1370, 1376 (7th Cir.1991) (describing circumstances under which "[a] plaintiff may usually amend [her] complaint under Rule 15(c)") (citations and internal quotation marks omitted). That result is consistent with long-standing precedent in this circuit and others that an amendment changing the capacity in which the plaintiff sues relates back. *See e.g. Deupree v. Levinson*, 186 F.2d 297, 301–02 (6th Cir. 1950) (holding that amendment changing capacity of plaintiff should be liberally granted and does not implicate

---

[16] Nevertheless, the Court finds instructive the reasoning of the Tennessee Court of Appeals in *Biscan v. Brown*, 2003 WL 22955933, at *4 (Tenn. Ct. App. Dec. 15, 2003), aff'd 160 S.W.3d 462 (Tenn. 2005). In *Biscan*, the Court of Appeals applied the test discussed in more detail below that when a proposed amendment adds a new plaintiff after the limitations period, "[t]he essential requirement is that the defendant not only have notice about the operational facts but also must have had fair notice that a legal claim existed in, and was in effect being asserted by the plaintiff belatedly brought in." *Id*. (internal quotation marks and citations omitted).

11

timing limitations) (internal citations omitted); *see also*, *Hill v. Shelander*, 924 F.2d at 1376; *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968) ("[A]mendment in the description of the party plaintiff, and relation back, is allowed after limitations have run if what is involved is mere change in the description of the capacity in which plaintiff sues."); *Lopez v. United States*, 82 F.3d 982, 987 (4th Cir. 1936) ("… clear weight of authority supports the rule that an amendment changing the capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitations …") (internal quotation marks and citations omitted).

Further, the Court finds that the test adopted by other courts that "when a new plaintiff with a new claim is sought to be added after the statute of limitations has lapsed, something more is needed than merely notice to the defendant of the conduct or occurrence that gives rise to the claim," *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308 (D.C. Cir. 1982) (citing *Williams v. United States*, 405 F.2d 234, 238 (5th Cir. 1968)), respects both the Sixth Circuit's caution against piggybacking plaintiffs and the strong policy favoring liberality of amendments when justice requires. The Sixth Circuit, in *Asher*, also indicated its approval for this "something more" test, describing the *Leachman* case as aptly explaining the "need to limit relation back of claims asserted by new plaintiffs in some way beyond the 'conduct, transaction, or occurrence' test that applies to relation back of amendments generally." *Asher*, 596 F.3d at 320. This test prevents the circumstances present in *Asher* of total strangers with claims arising out of the same occurrence tardily benefitting from the diligence of a timely complaint.[17]

---

[17] The Court recognizes this result departs from the holding in *Litton v. City of Millersville*, in which the proposed amendment to add the wife of the original plaintiff was denied. 2020 WL 127648 (M.D. Tenn. Jan. 10, 2020). There, the determination was made that the facts of the case compelled application of the general rule in *Asher*. The facts here warrant a different outcome.

That is not however the circumstance here. Instead, the complaint in this case when "read with the required liberality, … clearly revealed the existence of (a) a minor (b) the mother as parent and (c) the assertion by her of a claim" and "reasonably indicate[d] a likelihood that the parent would incur losses of a recoverable kind." *Williams,* 405 F.2d at 239. In permitting the amendment, the *Williams* court recognized the general principle also stated by the Sixth Circuit in *Asher* that the addition of a new plaintiff amounts to the assertion of a new cause of action that does not relate back. *Id*. at 237. Nevertheless, the *Williams* court found that the individual claim asserted by the mother of the minor child related back, not simply because it arose out of the same operational facts in the complaint, but because the addition of the mother's individual claim was a change in status that could have been reasonably contemplated in the entire context of the lawsuit. *Id*. at 239.

The procedural history of the *Williams* case, upon which the D.C. Circuit relied in *Leachman*, is similar to the instant case. In *Williams*, the mother of a boy injured by an Army firecracker sued the United States under the Federal Tort Claims Act as next friend of her injured son. After the two-year statute of limitations had elapsed and a verdict for plaintiff had been obtained on the merits but not on damages, the mother sought to amend the complaint to appear as a party plaintiff in her own right seeking recovery for loss of services. The Fifth Circuit, reversed the district court and granted the amendment, articulating the something-more test and finding that the parent's suit as next friend provided fair notice to the government that the parent's individual claim was also involved. *Williams*, 405 F.2d at 238-39.[18]

---

[18] Another case illustrative of the same approach and result, and noted by the Fifth Circuit in *Williams*, is *Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians v. United States*, 372 F.2d 951, 961 (Ct. Cl. 1967). In that case, the D.C. Court of Claims, allowed the relation-back amendment of a complaint brought by the Snoqualmie Tribe to include a representative claim on behalf of another tribe, the Skyomish, finding that the original plaintiff "is simply an entity

13

The Court is persuaded by the reasoning of *Williams*, as applied by the D.C. Circuit in *Leachman* and noted by the Sixth Circuit in *Asher*. Here, as in *Williams*, "the original plaintiff's status as next friend of the injured [child] was, as a practical matter, intimately connected to the fact that she [is] his mother. The amendment to add the new plaintiff [is] a merely a change in capacity, and the defendant[s] must have known of the existence of the plaintiff's other capacity." *Leachman*, 694 F.2d at 1309 (describing holding in *Williams*). The individual claim asserted by Ms. Holt arises from the same operational facts as those in the original complaint and her status as the minor child's mother – the something more – put Defendants on fair notice of her individual claim because liability to the minor child gives rise to a liability to the parent of the kind claimed by Ms. Holt in her individual capacity.[19]

To the extent that prejudice to Defendants is also a necessary consideration, the Court finds that allowing Ms. Holt to assert her individual claim is not unduly prejudicial.[20] Admittedly, Defendants must now defend a claim that they might have thought was barred by the mere passage

---

serving in two representative capacities" and the new claim while, "technically a different [claim] from that presented originally, [] is sufficiently closely related to warrant the conclusion that the [defendant] received adequate notice of the possibility that it might have to defend against a broader claim." *Id.* That reasoning further bolsters the outcome here.

[19] The original complaint alleges that the minor child fell over the stump and suffered (among other things) "serious physical injuries, … medical and other expenses, … and aggravation of one or more preexisting conditions", for which Defendants are liable as damages. (Docket No. 1-1 at 6-7). The Court finds this was fair notice to Defendants that a claim would be made for medical expenses, which is the basis of the individual claim that Ms. Holt now seeks to add in her individual capacity. That is enough under the "something more" test. As noted in *Williams*, "[l]iability might be defeated, of course, by contributory negligence." *Williams*, 405 F.2d at 239 n. 12.

[20] Nor does the Court find any other considerations that would compel denial of the second motion to amend.

14

of time.[21] But that is not the kind of prejudice that compels denial of the proposed amendment. The parties will be required to explore in discovery and, ultimately if the case goes to trial, offer proof of the minor child's injuries. The claim for the cost of treatment of those injuries is a related component that does not add a substantial burden on Defendants, particularly given that this case is in the very earliest stages. *See e.g. Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir.) (delay and increased costs from having to actually litigate a dispute are not sufficient prejudice).

For all these reasons, the Court concludes that the proposed amendment to add Ms. Holt in her individual capacity relates back to the original complaint. Plaintiff's motion for leave to file a second amended complaint to add her individual capacity (Docket No. 42) is therefore granted. The Clerk is directed to separately file the second amended complaint presently found at Docket No. 42-1, and to add Freda Holt as a plaintiff. Once filed, the second amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), thus rendering moot Defendants' pending motions for leave to amend their answers (Docket Nos. 45 and 47) and those motions are therefore both denied as moot. Defendants shall answer or otherwise respond to the second amended complaint as directed by Fed. R. Civ. P. 15(a)(3).

It is SO ORDERED, and any party objecting to this memorandum order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to

---

[21] As previously noted the legal issue of whether a minor child has a personal claim for medical expenses arising from an injury caused by a third-party tortfeasor when the claim of the child's parent for medical expenses is barred for procedural reasons is a complicated and unsettled one. *See* n.2. A final resolution of that open question would be required if the proposed amendment were denied, offsetting any time or expense in litigating the merits of Ms. Holt's individual claim that results from allowing the amendment.

15

apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

### III. REPORT AND RECOMMENDATION (MOTION TO DISMISS)[22]

For the reasons discussed above in Part II.B and below, the undersigned respectfully recommends that the Yale Defendants' motion to dismiss (Docket No. 35) be denied.

#### A. Background and Procedural History

The Court adopts the background information recited above in Part I. On March 9, 2021, Defendant Yale Smyrna filed a motion to dismiss the amended complaint (Docket No. 35) as failing to state a claim upon which relief can be granted under Rule 12(b)(6), asserting that the amended complaint is time-barred. As discussed above, Plaintiff's negligence claims are subject to a one-year statute of limitations, which expired on January 25, 2021. Although Plaintiff filed an amended complaint on October 16, 2020 (Docket No. 9) adding Yale Smyrna as a defendant, Yale Smyrna contends that the amended complaint is facially – and fatally – defective because Plaintiff was required to obtain leave of court for the amendment under Rule 15(a)(2), which was not obtained prior to January 25, 2021. Because leave to amend was not obtained before expiration of the statute of limitations, Yale Smyrna argues, the addition of Yale Smyrna as an additional party does not relate back to the original complaint.

Plaintiff however relies on Tenn. Code Ann. § 20-1-119, as permitting the joinder of Yale Smyrna within 90 days of Target's October 15, 2020 answer identifying Yale Smyrna as a potential tortfeasor. Plaintiff further contends that Yale Smyrna intentionally waited to raise the timeliness

---

[22] To the extent not expressly recited, the Court adopts Part II.B above.

16

Case 3:20-cv-00824   Document 49   Filed 05/06/21   Page 16 of 19 PageID #: 273

issue until after expiration of the statute of limitations. Specifically, Plaintiff contends that, upon the commitment of the Yale Defendants to file answers, she withdrew her motion for entry of default on January 8, 2021 (Docket No. 23), but the Yale Defendants then waited until after expiration of both the statute of limitations and the 90-day grace period under the savings statute before filing their answer raising the timeliness issues and without any indication of their intention to contest the validity of the amended complaint.

### B. Legal Standards and Discussion

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all the well-pleaded allegations contained in the complaint, construe the complaint in the light most favorable to Plaintiff, and draw all reasonable inferences in favor of Plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations in the complaint should be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the claim plausible, *i.e.*, more than merely possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (*quoting Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Delay v. Rosenthal Collins Group, LLC.*, 585 F.3d 1003, 1005-06 (6th Cir. 2009). If the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215 (2007).

As noted above, the parties appear to agree that Plaintiff's claims, based in negligence, are subject to a one-year statute of limitations, which expired on January 25, 2021. The Yale Defendants argue that the amended complaint is untimely because, under Sixth Circuit law, the amendment adding Yale Smyrna as a defendant does not relate back to the original complaint and Plaintiff's failure to obtain leave to amend before January 25, 2021 is fatal.

Plaintiff relies on Tennessee's savings statute for comparative fault, Tenn. Code Ann. § 20-1-119, as permitting the joinder of Yale Smyrna within 90 days of Target's October 15, 2020 answer identifying Yale Smyrna as a contributory tortfeasor without the statute of limitations barring the claims. The Yale Defendants argue that Plaintiff cannot avail herself of this statute because she has not met the statutory requirements. *See* Docket No. 34 at 4.

For all the reasons discussed above (which are adopted here), the Court finds that, contrary to the Yale Defendants' contention of untimeliness, Plaintiff exercised her right to one amendment of the complaint as a matter of course by filing the amended complaint on October 16, 2020, well within the 21 days permitted by Rule 15(a)(1)(B) and within the 90-day grace period of Tenn. Code Ann. § 20-1-119. Plaintiff's amended complaint was properly filed, and with the issuance of the summons on October 23, 2021 – also within the required 90-day period – triggered the savings provision of Tenn. Code Ann. § 20-1-119, which expressly specifies that "[a] cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations." Tenn. Code Ann. § 20-1-119(b). The Court therefore concludes that there is no

18

limitations impediment to Plaintiff's claims and no merit to the Yale Defendants' motion to dismiss.[23]

## C. RECOMMENDATION

For all these reasons, it is respectfully recommended that the Yale Defendants' motion to dismiss be denied.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[23] Because the Court finds that no further action was required for amendment of the complaint, it is unnecessary to reach the other issues raised by the Yale Defendants about additional parties under Rule 15(c).